**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Mark A. Huffman,

    Petitioner,

v.

Timothy Brunsman, Warden,

    Respondent.

CASE NO. 1:07v266

Judge Michael R. Barrett

# **ORDER**

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 29, 2007 (Doc. 3). Petitioner seeks relief from the sentence that Ohio imposed following his conviction on two counts of illegal use of a minor in nudity-oriented material or performance, five counts of voyeurism and two counts of pandering sexually oriented matters involving a minor. Petitioner was sentenced to three year prison terms on the two counts of illegal use of a minor in nudity-oriented material or performance and four year prison terms on both counts of pandering plus 180 days on three of the voyeurism counts and 60 days on two of the voyeurism counts for an aggregate term of four years in prison[1]. Respondent filed a Return of Writ" (Doc. 19). Petitioner filed an "answer" to the return of writ; however, such "answer" was untimely and stricken by Magistrate Judge Merz (See Doc. 29).

On August 18, 2008, Magistrate Judge Merz filed a Report and Recommendation (hereinafter, the "Report") (Doc. 30) that recommended the Court dismiss Petitioner's

---

[1] The Court notes that Petitioner has now been released from custody, apparently as of February 11, 2008 (see Doc. 23). However, this matter is not moot since he was in custody when the Petition was filed. *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968).

petition for a federal writ of habeas corpus. The Petitioner objected to the Report (Doc. 32). In response to the objections filed by Petitioner, Magistrate Judge Merz issued a Supplemental Report and Recommendation (hereinafter, the "Supplemental Report")(Doc. 33) addressing Petitioner's objections. The Supplemental Report again recommended dismissal. No objections were filed to the Supplemental Report. For the reasons provided below, the Court ADOPTS the Magistrate Judge's Report and the Supplemental Report.

I. Background

Petitioner was convicted at a bench trial and sentenced in the Hamilton County Common Pleas Court. The underlying facts that served as the basis for Petitioner's conviction are properly set forth by the Ohio Court of Appeals and are "presumed to be correct" as Petitioner has failed to rebut this presumption by "clear and convincing evidence."[2] *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004). The Court of Appeals stated the underlying facts to be as follows:

> A young man and his parents contacted Reading Police Detective Terry Zimmerman to report a possible hidden camera in a tanning room at the Maximum Exposure Tanning Salon. The young man showed the detective a photograph of what appeared to be a camera lens hidden behind a circular fan.
>
> That afternoon, Detective Zimmerman went to the salon, where he encountered Huffman, the owner of the business. Detective Zimmerman pretended that he was interested in purchasing a tanning package for his wife. Huffman described the available tanning procedures and showed the detective the rooms where the procedures took place. As the detective entered one of the tanning rooms, he saw a camera hidden behind a circular fan in the wall, just as the young man's report had indicated.

---

[2] A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. See 28 U.S.C. § 2254(e)(1).

2

> Detective Zimmerman obtained a search warrant for the salon and executed it that evening with other police officers. During their search, the officers found a wireless camera mounted behind the wall fan as the detective had earlier observed. Another wireless camera was hidden behind a hole in the wall of a tanning-spray room. The officers determined that signals from the two cameras were fed through a wireless receiver into one of Huffman's DVD players.
>
> The officers recovered camera equipment as well as numerous DVDs containing videos of female patrons using the tanning rooms. The officers compared the recording dates and times of the videos with the tanning visit dates on the salon's patron cards to identify Huffman's victims. The officers also recovered several DVDs that contained pornographic images of children.
>
> As a result of the investigation, Huffman was indicted for three counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1); three counts of voyeurism involving a minor, in violation of R.C. 2907.08(C); two counts of voyeurism, in violation of R.C. 2907.08(B); twenty counts of pandering sexually-oriented matter involving a minor, in violation of R.C. 2907.322(A)(1); and one count of illegal cultivation of marijuana, in violation of R.C. 2925.04(A).
>
> Huffman filed a motion to dismiss the pandering counts, arguing that the pandering statute, R.C. 2907.322(A)(1), was unconstitutional. The trial court denied the motion.
>
> Huffman then waived his right to a jury trial, and the case proceeded to a bench trial. The court found Huffman guilty of two counts of illegal use of a minor, each of the five voyeurism counts, and two of the pandering counts. Huffman was acquitted of the remaining counts.
>
> The court imposed three-year prison terms on both counts of illegal use of a minor, and four-year prison terms on both counts of pandering. The court imposed 180 days' incarceration on three of the voyeurism counts and 60 days' incarceration on two of the voyeurism counts. The court ordered all the sentences to be served concurrently, for an aggregate term of four years in prison.

(Doc. 10, Exhibit 18, p. 2-4).

As the Report more fully discusses, Petitioner appealed to the Court of Appeals asserting four assignments of error. They are as follows:

**ASSIGNMENT OF ERROR NO. 1:** Vague and overbroad laws are unconstitutional. A law is vague when it is unclear in its prohibitions, and overbroad when it reaches both protected and unprotected conduct. Section § 2907.322 is vague, and overbroad. Did the trial court violate Mark's due process guarantees by failing to dismiss counts 9 through 28?

**ASSIGNMENT OF ERROR NO. 2:** A conviction based on insufficient evidence is a denial of due process. A court may not convict a defendant where a rational trier-of-fact could not find all the elements were proven beyond a reasonable doubt. Were Mark's rights violated when he was convicted after the state failed to prove all essential elements?

**ASSIGNMENT OF ERROR NO. 3:** the Constitution prohibits a conviction which is against the manifest weight of the evidence. A court may not convict a defendant where the trier-of fact loses its way in weighing the evidence. Was Mark's conviction a manifest miscarriage of justice?

**ASSIGNMENT OF ERROR NO. 4:** The federal and Ohio Constitutions prohibit sentences based on facts not proven to a jury or admitted by the accused. Ohio law prohibits a non-minimum sentence when the defendant has never previously served a prison sentence. Were Mark's rights violated when the court imposed a sentence violating constitutional and Ohio law?

Doc. 10, Exh. 14. The Court of Appeals overruled the first three assignments of error and sustained the fourth, remanding the case for a new sentencing hearing under *State v. Foster*, 109 Ohio St. 3d 1 (2006). *See State v. Huffman*, 165 Ohio App. 3d 518 (Ohio App. 1st Dist. 2006). Petitioner then appealed to the Ohio Supreme Court asserting six propositions of law, the first three of which were accepted on appeal. They are as follows:

**PROPOSITION OF LAW NO. I**: The inference in § 2907.322(b)(3) renders § 2907.322(A)(1) unconstitutionally overbroad while impermissibly shifting the burden of production to the defendant.

**PROPOSITION OF LAW NO. II**: Overbroad laws improperly suppress lawful speech as a means to suppress unlawful speech. Section 2907.322 is unconstitutional because there are no standards for determining if the images contain actual minors and not standards for police enforcement, resulting in the suppression of material which enjoys First Amendment Protection.

> **PROPOSITION OF LAW NO. III**: Because of advanced and widely available computer technology, § 2907.322 is unconstitutionally vague because it can only be enforced based on the subjective belief of a police officer.
>
> **PROPOSITION OF LAW NO. IV**: To properly authenticate images in a prosecution under § 2907.323, the State must establish more than the images were recovered from the Defendants' possession, chain of custody. The State must establish the image is what the State claims it to be, an actual minor engaged in sexual activity.
>
> **PROPOSITION OF LAW NO. V**: The judicially created element of "Lewd Exhibition and Graphic Focus of the Genitals" is overbroad and vague, while both are required to sustain a conviction of § 2907.323(A)(3).

Doc. 10, Exh 22. Eventually, the Supreme Court affirmed the judgment of the Court of Appeals as to the first two propositions of law and dismissed the third as having been improvidently granted. *See State v. Huffman*, 114 Ohio St. 3d 433 (2007). While the above appeals were pending, on August 1, 2005, Petitioner filed a motion for post-conviction relief under O.R.C. §2953.21 making the following claims:

> **CLAIM NO. 1:** Unlawful Search
> **CLAIM NO. 2:** Over Broad Search Warrant.
> **CLAIM NO. 3:** No Arrest Warrant
> **CLAIM NO. 4:** Invalid Service of the Return on the Search Warrant.
> **CLAIM NO. 5:** Self-incrimination
> **CLAIM NO. 6:** Speedy Trial.

Doc. 10, Exh. 34. The Court of Common Pleas denied this motion. See Doc. 10, Exh. 34. Petitioner again appealed. This appeal was dismissed as untimely and the Ohio Supreme Court declined jurisdiction. Ultimately, on March 29, 2007, Petitioner filed the instant petition for a writ of habeas corpus, in which he raises thirty-three grounds for relief. They are as follows:

> **GROUND FOR RELIEF NO. 1:** VAGUE AND OVERBROAD LAWS ARE UNCONSTITUTIONAL.

5

**GROUND FOR RELIEF NO. 2:** A CONVICTION BASED ON INSUFFICIENT EVIDENCE IS A DENIAL OF STATE AND FEDERAL "DUE PROCESS."

**GROUND FOR RELIEF NO. 3:** THE CONSTITUTION PROHIBITS A CONVICTION WHICH IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**GROUND FOR RELIEF NO. 4:** THE UNITED STATES AND OHIO CONSTITUTION PROHIBIT SENTENCES BASED ON FACTS NOT PROVEN TO A JURY OR ADMITTED BY THE ACCUSED.

**GROUND FOR RELIEF NO. 5:** THE INFERENCE IN ORC§ 2907.322(B)(3) RENDERS ORC§ 2907.322(A)(1) UNCONSTITUTIONALLY OVERBROAD WHILE IMPERMISSIBLY SHIFTING THE BURDEN OF PRODUCTION TO THE DEFENDANT.

**GROUND FOR RELIEF NO. 6:** OVERBROAD LAWS IMPROPERLY SUPPRESS LAWFUL SPEECH AS A MEANS TO SUPPRESS UNLAWFUL SPEECH.

**GROUND FOR RELIEF NO. 7:** BECAUSE OF ADVANCED AND WIDELY AVAILABLE COMPUTER TECHNOLOGY, ORC§ 2907.322 IS UNCONSTITUTIONALLY VAGUE BECAUSE IT CAN ONLY BE ENFORCED BASED ON THE SUBJECTIVE BELIEF OF POLICE OFFICERS, JUDGES, PROSECUTORS, AND LAWYERS.

**GROUND FOR RELIEF NO 8:** TO PROPERLY AUTHENTICATE IMAGES IN A PROSECUTION UNDER ORC§ 2907.323 AND/OR § 2907.322, THE STATE MUST ESTABLISH MORE THAN, THE DEFENDANT'S POSSESSION, CHAIN OF CUSTODY.

**GROUND FOR RELIEF NO. 9:** THE JUDICIALLY CREATED ELEMENT OF "LEWD EXHIBITION AND GRAPHIC FOCUS ON THE GENITALS" IS OVERBROAD AND VAGUE, WHILE BOTH ARE REQUIRED TO SUSTAIN A CONVICTION OF ORC§ 2907.323(A)(1) & (3).

**GROUND FOR RELIEF NO. 10:** EVERY CITIZEN OF THE UNITED STATES IS PROTECTED BY THE CONSTITUTION FROM UNLAWFUL SEARCHES.

**GROUND FOR RELIEF NO. 11:** A VAGUE OR OVERLY BROAD CONSTRUCTED SEARCH WARRANT IS AN UNREASONABLE SEARCH, BECAUSE IT EMBRACES A GENERAL SEARCH BY ITS LACK OF PARTICULARITY.

**GROUND FOR RELIEF NO. 12:** WHEN NO CRIME IS WITNESSED BY AN ARRESTING POLICE OFFICER, THE ARREST IS UNLAWFUL WITHOUT AN ARREST WARRANT.

**GROUND FOR RELIEF NO. 13:** A SEARCH WARRANT IS VOID, WHEN THE ACTIONS OF THE POLICE WHO EXECUTE IT BECOME UNLAWFUL.

**GROUND FOR RELIEF NO. 14:** SELF-INCRIMINATING EVIDENCE SHALL NOT BE USED IN A COURT OF LAW WITHOUT THE PERMISSION OF ITS OWNER, ONCE A SEARCH WARRANT IS VOID.

**GROUND FOR RELIEF NO. 15:** DEFENDANTS NEED NOT FILE A SPECIAL MOTION TO EXERCISE THEIR RIGHT TO A SPEEDY TRIAL WHICH IS GUARANTEED UNDER ORC §§ 2945.71-3, ARTICLE I, § 10 OF THE OHIO CONSTITUTION, AND THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

**GROUND FOR RELIEF NO. 16:** A CITIZEN HAS THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT EVERY STAGE OF THEIR TRIAL.

**GROUND FOR RELIEF NO. 17:** THE ACCUSED HAS EVERY RIGHT TO A FULL DISCLOSURE OF ALL EVIDENCE AND WITNESSES THAT WILL BE PRESENTED EITHER FOR OR AGAINST THE DEFENSE WITH EVERY PRIVILEGE TO REVIEW AND PREPARE A DEFENSE WITH ADEQUATE ASSISTANCE.

**GROUND FOR RELIEF NO. 18:** THE ACCUSED MUST BE PROVIDED AN OPPORTUNITY TO CONFUTE THE PROSECUTION'S CLAIMS IN FRONT OF AN IMPARTIAL JURY.

**GROUND FOR RELIEF NO. 19:** ACCURATE EVIDENCE MUST BE PRESENTED IN A COURT OF LAW WHETHER IT IS FAVORABLE OR UNFAVORABLE FOR THE ACCUSED.

**GROUND FOR RELIEF NO. 20:** RES JUDICATA DOES NOT BAR A PETITIONER FROM THE RIGHT OF HAVING A POSTCONVICTION PETITION PROPERLY REVIEWED BY THE TRIAL COURT, FOR FINDINGS OF SUBSTANTIVE GROUNDS FOR RELIEF.

**GROUND FOR RELIEF NO. 21:** A POSTCONVICTION PETITION CANNOT BE BARRED BY RES JUDICATA, IF THE PETITIONER HAD THE SAME

ATTORNEY AT TRIAL AND UPON HIS/HER DIRECT APPEAL.

**GROUND FOR RELIEF NO. 22:** A PRO SE PETITIONER FILING AN AFFIDAVIT AS HIS POSTCONVICTION, SUPPORTS HIS CLAIMS AND MUST BE CONSIDERED AS TRUE, IF THE PROSECUTOR AND TRIAL COURT ARE UNABLE TO NEGATE THE PETITIONER'S ALLEGATIONS, AFTER THEY EXAMINE ALL THE RECORDS.

**GROUND FOR RELIEF NO. 23:** REASONABLE NOTICE OF A FINAL ORDER MUST BE SERVED UPON PRISONER, ACTING PRO SE, BY THE CLERK OF THE DECIDING COURT, IN ORDER TO PRESERVE THE RIGHTS TO APPEAL.

**GROUND FOR RELIEF NO. 24:** A POSTCONVICTION PETITION FILED BY A PRO SE PRISONER MUST BE HELD TO A LESSER STRINGENT STANDARD, IN ORDER NOT TO BAR THE PRISONER BY TECHNICAL GROUNDS, AND THE PRISONER/PETITIONER MUST BE GIVEN AN OPPORTUNITY TO EITHER REMEDY OR SHOW CAUSE FOR ANY DEFECTS.

**GROUND FOR RELIEF NO. 25:** IT IS A VIOLATION OF THE "EX POST FACTO" CLAUSE OF THE UNITED STATES CONSTITUTION, AS WELL AS THE "BILL OF RIGHTS" OF THE OHIO CONSTITUTION, WHEN THE OHIO SUPREME COURT SEVERS VITAL PORTIONS OF THE OHIO REVISED CODE, CAUSING A HARSHER SENTENCE TO BE IMPOSED UPON A CONVICTION, THAN WAS POSSIBLE BY THE LAW WHEN THE OFFENSE WAS COMMITTED.

**GROUND FOR RELIEF NO. 26:** IT IS THE RIGHT OF EVERY PERSON TO POSSESS PERSONAL PROPERTY, WHICH IS PROTECTED UNDER THE UNITED STATES CONSTITUTION, THE OHIO CONSTITUTION, AS WELL AS BOTH FEDERAL AND STATE LAWS, FROM BEING TAKEN UNLAWFULLY BY THE GOVERNMENT.

**GROUND FOR RELIEF NO. 27:** DESCRIMINATION [sic] OCCURS WHEN ONE CLASS OF PEOPLE IS DENIED THEIR "EQUAL PROTECTION OF THE LAWS," WHEREBY UNFAIR LABOR PRACTICES DENY A PERSON A FAIR RATE OF EXCHANGE FOR THEIR LABOR, IF USED TOWARDS THE PAYMENT OF A CIVIL DEBT.

**GROUND FOR RELIEF NO. 28:** AN INDIGENT IS A POOR PERSON WHO IS FOUND TO BE FINANCIALLY UNABLE TO PAY FILING FEES AND COURT COSTS, THUS ALLOWED TO PROCEED *IN FORMA PAUPERIS*.

**GROUND FOR RELIEF NO. 29:** A CASE COST BILLING FOR COURT COSTS MUST BE ACCURATE AND TRULY REFLECT THE DEBT OWED, PRIOR TO ANY ATTEMPT TO COLLECT FROM THE DEFENDANT OF THE CASE.

**GROUND FOR RELIEF NO. 30:** A TRIAL COURT CAN NOT IMPOSE A HARSHER SENTENCE UPON THE CONVICTION OF THE ACCUSED, JUST BECAUSE THE ACCUSED DOES NOT TAKE THE PLEA DEAL OFFERED, BUT TAKES HIS/HER CASE TO TRIAL, INSTEAD.

**GROUND FOR RELIEF NO. 31:** PROPERTY SEIZED BY POLICE DURING THE EXECUTION OF A SEARCH WARRANT IS NOT AUTOMATICALLY FORFEITED DUE TO IT BEING THE SUBJECT OF THE SEIZURE, WHEN IT HAS NOT BEEN PROVEN TO BE ILLEGAL IN A COURT OF LAW AND FORFEITURE PROCEEDINGS WERE NOT FILED WITHIN THE REQUIRED TIME ALLOTTED BY OHIO FORFEITURE LAW.

**GROUND FOR RELIEF NO. 32:** COPYRIGHT LAWS EXIST TO PROTECT PHOTOGRAPHIC WORKS AND THEIR CREATOR FROM THE WORKS BEING COPIED, AND EVEN POLICE MAY NOT INFRINGE UPON THESE RIGHTS BY PHOTOGRAPHING AND KEEPING COPIES OF THESE WORKS, NOR MAY ANY OFFICER OF THE COURT RETAIN COPIES WITHOUT THE CREATOR'S WRITTEN CONSENT.

**GROUND FOR RELIEF NO. 33:** A PERSON MAY NOT BE FOUND GUILTY OF ALLIED OFFENSES, SINCE THE ELEMENTS OF ONE CRIME RESULTS IN THE COMMISSION OF THE OTHER AND BOTH OFFENSES CAN BE CONSTRUED FROM THE SAME CONDUCT AND EVIDENCE, CAUSING THE PERSON TO BE TWICE PUT IN JEOPARDY OF LIFE OR LIMB.

(Doc. 3).

Respondent argues that Petitioner's Grounds 2, 3, 8, 9, 10-19, 25, and 30-33 are not cognizable due to Petitioner's procedural default. Respondent further argues that Petitioner's Grounds 20-24 are not cognizable due to the post-conviction proceedings addressing collateral matters unrelated to Petitioner's detention. Similarly, Respondent argues that Grounds 26-29 are not cognizable as the claims involve matters which are ancillary to the underlying conviction and sentence. Finally, Respondent argues that

Ground 4 is moot and that Grounds 1, 5, 6, 7 should be denied as lacking in merit. See Doc. 19.

II. Legal Standard

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). See also *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation

of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1523. The Sixth Circuit has held that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

However, a habeas corpus petitioner must have first fairly presented his federal constitutional claims to the state courts for consideration before raising them here. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). The petitioner must present both the factual and legal underpinnings of his claims, including if it is of a federal constitutional nature, to the state's highest court for the claim to be deemed "fairly presented." *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987); *O'Sullivan v. Boerckel,* 526 U.S.838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985). This is because states bear the same obligation to protect the constitutional rights of criminal defendants as do federal courts. Thus, in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those

claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 469 U.S. 4, 6 (1982)(per curiam). If a petitioner can no longer present his claims to the state courts, then he has also waived those claims for purposes of federal habeas corpus review, unless he can demonstrate that there was a procedural default, the cause for the procedural default, and actual prejudice from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 129, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). The prejudice must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 172, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).

III. Analysis[3]

    A.    Grounds One, Five, Six and Seven

Petitioner argues, in Grounds 1, 5, 6 and 7, that certain laws are unconstitutional due to certain statutes being vague and overbroad. The First District Court of Appeals addressed this issue on the merits and denied Petitioner's appeal. *See State v. Huffman*, 165 Ohio App.3d 518 (Ohio App. 1st Dist. 2006). This decision was affirmed by the Ohio Supreme Court.

Petitioner challenges the constitutionality of O.R.C. §2907.322(A)(1) which provides that "no person, with knowledge of the character of the material or performance involved, shall ... create, record, photograph, film, develop, reproduce, or publish any material that

---

[3]For clarity purposes, this Court will follow the same format as the Report.

shows a minor participating or engaging in sexual activity, masturbation, or bestiality." As the Court understands it, Petitioner is arguing that the Court can not determine if a person has "knowledge of the character of the material" because it is difficult to determine if the pornography is real or virtual.

Upon a review of the Court of Appeals decision, it is clear that the appellate court's adjudication of these issues did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. §2254(d)(1). Thus, the Court agrees with the Report. Grounds 1, 5, 6 and 7 are denied.

B. Ground Two

Petitioner argues that his convictions were not supported by sufficient evidence. The Respondent asserts that this ground is procedurally defaulted because it was not preserved in Petitioner's appeal from the Court of Appeals to the Supreme Court. In his Objections, Petitioner now argues that his failure to raise this issue to the Supreme Court is a result of ineffective counsel. However, as set forth in the Report and the Supplemental Report, Petitioner never raised the ineffective assistance of counsel claim before the state courts. See Doc. 30 at 24; Doc. 33 at 4. Therefore, the Court agrees with the Magistrate Judge. The Ohio Supreme Court has a rule requiring that issues be presented to the Supreme Court before it will rule on such issues. Here, the Petitioner failed to raise sufficiency of the evidence or ineffective assistance of counsel before the Supreme Court and he also failed to set forth "cause" as to why he did not follow the procedural rule. See Doc. 30 at 19-21. In addition, Petitioner argues that the state courts "have the privilege of De Novo [review]" and that it is the court's duty "to protect [its] citizens from unfair

persecution under the 14th Amendment according to the 'equal protection clause.'" Doc. 32 at 8.  However, as set forth in the Supplemental Report, which was not objected to, "Ohio appellate courts will almost never review an issue not raised by the parties and the whole doctrine of procedural default prevents federal courts from considering issues not properly preserved." Doc. 33 at 3.  Thus, Ground 2 is procedurally defaulted and is hereby dismissed with prejudice.

    C.    Ground Three

As to Ground 3, Petitioner here asserts that the constitution prohibits a conviction which is against the manifest weight of the evidence.  Respondent again argues a procedural default for failing to raise the issue before the Ohio Supreme Court.  The Report finds "the claim that a conviction is against the manifest weight of the evidence states a claim under Ohio law, but not under the United States Constitution" and, thus, federal habeas corpus relief is not available.  Doc. 30 at 23.  In his objections, Petitioner argues that a "state remedy that fails to provide justice, comes into direct conflict with the 14th Amendment 'due process' clause." Doc. 32 at 9.  However, he cites no case law to support his assertion and the Court can find none.  The Court is limited to challenges that violate the Constitution, laws or treaties of the United States.  *See* 28 U.S.C. §2254(a). Ground 3 does not qualify.  Therefore, the Court agrees with the Report and finds that Ground 3 is hereby dismissed for failure to state a claim upon which federal habeas corpus relief can be granted.  Furthermore, even assuming *arguendo* that Petitioner is correct, his claim is still procedurally defaulted for abandoning the issue before the Ohio Supreme Court and is thereby dismissed with prejudice.

D. Ground Four

In Ground 4 Petitioner claims that the United States and Ohio constitutions prohibit sentences based on facts not proven to a jury or admitted by the accused. However, this claim is moot based upon Petitioner's admission that he raised this issue on direct appeal and received a remand for re-sentencing. However, Petitioner argues in his objections that this claim should now be incorporated into Ground 25 and that the remand demonstrates that a constitutional violation did occur. By remanding the matter back to the state court for re-sentencing, the Court of Appeals provided the relief requested. Thus, this matter is moot.

E. Ground Eight

As to Ground 8, Petitioner claims that "to properly authenticate images ... the state must establish more than, the defendant's possession, chain of custody." Again, Respondent argues procedural default. The Report recommends that this ground be dismissed for that reason and because it is "a claim of Ohio evidence law which is not cognizable in federal habeas corpus." Doc. 30 at 24. This Court agrees with the Report. Petitioner, in his Objections, also argues that his counsel was ineffective. Again, this argument was not previously raised and therefore can not be considered here. Ground 8 is hereby dismissed with prejudice.

F. Ground Nine

Ground 9 is as follows: "the judicially created element of 'lewd exhibition and graphic focus on the genitals' is overbroad and vague, while both are required to sustain a conviction of ORC§ 2907.323(a)(1) & (3)." Respondent argues that this claim is procedurally defaulted and the Report agrees. In his Objections, Petitioner again raises

15

ineffective assistance of counsel arguing that this Court should ignore the requirement that matters be fully exhausted and find in his favor. However, the rules governing federal habeas corpus review are clear - a habeas corpus petitioner must have first fairly presented his federal constitutional claims to the state courts for consideration before raising them here. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Thus, Ground 9 is dismissed with prejudice. In addition, Petitioner, in his objections, argues that this Ground is an extension of Ground 1. However, as set forth above, Grounds 1 is denied.

G. Grounds Ten through Fifteen, Seventeen through Nineteen

In Grounds 10-15, and 17-19, Petitioner raises the same claims that he asserted in his petitioner for post-conviction relief. Here again Respondent argues a procedural default based upon Ohio's criminal *res judicata* doctrine. The Report agrees with Respondent and recommends dismissal with prejudice. Petitioner objects to this recommendation arguing that these claims were not raised due to counsel's ineffectiveness. However, such a claim needed to be raised in the state courts, not for the first time, in federal court on a habeas corpus petition. Therefore, Grounds 10-15 and 17-19 are hereby dismissed with prejudice.

H. Ground Sixteen

Here Petitioner does allege ineffective assistance of counsel, however, such claim was not previously raised in the state courts. In his Objections, Petitioner argues that the state courts had the facts before them and should have addressed the ineffective assistance of counsel issue even though it was not raised before them. As set forth above, "Ohio appellate courts will almost never review an issue not raised by the parties and the whole doctrine of procedural default prevents federal courts from considering issues not

16

properly preserved." Doc. 33 at 3.  Furthermore, in order to establish a constitutional claim of ineffective assistance of counsel under the Sixth Amendment, a petitioner must demonstrate: (1) his attorney made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) his attorney's deficient performance prejudiced the defense by undermining the reliability of the trial result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Here, Petitioner, even if he had exhausted this issue, has failed to meet the criteria set forth in *Strickland*.  Thus, Ground 16 is dismissed with prejudice.

    I.        Grounds Twenty through Twenty-Four

In Grounds 20-24 Petitioner raises claims that relate to post-conviction petition procedures in Ohio state courts.  As have been previously determined in *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986), these types of claims are not cognizable in federal habeas corpus.  The Court in *Kirby* held that "the [habeas corpus] writ is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings such as Kirby claims here because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration." *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. Tenn. 1986)(citations omitted); *see also Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007).  Without consideration of the holding in *Kirby*, Petitioner argues that his "case has been road blocked by the judicial system...". Doc. 32 at 12.  Even if that Petitioner's argument had merit, his claims are not proper before this Court.  Grounds 20-24 are hereby dismissed without prejudice for failure to state a claim on which habeas corpus relief can

be granted.

J.  Ground Twenty-Five

Ground 25 is as follows: "it is a violation of the 'ex post facto' clause of the United States Constitution, as well as the "bill of rights" of the Ohio Constitution, when the Ohio Supreme Court severs vital portions of the Ohio Revised Code, causing a harsher sentence to be imposed upon a conviction, than was possible by the law when the offense was committed." Petitioner's claim as to a violation of the bill of rights of the Ohio Constitution is not proper before this Court as it does not involve a challenge to the Constitution, laws or treaties of the United States. *See* 28 U.S.C. §2254(a). As to the rest of Petitioner's claim, it appears that he is challenging his sentence based upon the Supreme Court's holding in *State v. Foster,* 109 Ohio St. 3d 1 (2006). Because Petitioner's appeal was pending when *Foster* was decided, the Court of Appeals remanded his case for re-sentencing. Petitioner was then given the same sentence that was previously imposed upon him. In his Objections, Petitioner attempts to clarify his argument. As it appears to the Court, Petitioner now argues that since *Foster* was decided by the Ohio Supreme Court after his trial was completed his re-sentencing is a violation of the Ex Post Facto Clause. The Court does not find merit in this argument. Additionally, this argument was not raised before the Ohio Supreme Court and is therefore also procedurally defaulted. Ground 25 is hereby dismissed with prejudice.

K.  Grounds Twenty-Six through Twenty-Nine, Thirty-One and Thirty-Two

Grounds 26-29, and 31-32 are property issues. Petitioner claims that he should not have had to pay court costs while confined and that the police improperly seized and copied photographs. Petitioner argues that these property issues "would not have

occurred had [he] not faced unconstitutional incarceration." Doc. 32 at 13. Regardless, the Court is limited to challenges that result in one's confinement and these do not. Such issues had no relation to his conviction and sentence. Thus, Grounds 26-29 and 31-32 are dismissed without prejudice for failure to state claims which are cognizable in a habeas corpus action.

      L.      Ground Thirty

In this Ground for relief, Petitioner complains that he received a harsher sentence by going to trial then he would have had he accepted a plea deal. The Report recommends dismissal due to a procedural default. In his objections, Petitioner essentially concedes this fact by stated that "this ground can be dismissed...". Doc. 32 at 13. Therefore, Ground 30 is dismissed with prejudice.

IV. Conclusion

For the reasons provided below, the Court ADOPTS the Magistrate Judge's Report and Recommendation (Doc. 30) and the Supplemental Report and Recommendation (Doc. 33) and DENIES the Petitioner's requests for relief. This matter is hereby DISMISSED.

    **IT IS SO ORDERED.**

                                        *s/Michael R. Barrett*
                                        Michael R. Barrett, Judge
                                        United States District Court